1  JERRY S. BUSBY
   Nevada Bar #001107
2  POOJA KUMAR
   Nevada Bar #012988
3  COOPER LEVENSON, P.A.
   3016 West Charleston Boulevard - #195
4  Las Vegas, Nevada  89102
    (702) 366-1125
5  FAX:  (702) 366-1857
   jbusby@cooperlevenson.com
6  pkumar@cooperlevenson.com
   Attorneys for Defendant
7  SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLOS ESCABEDO,<br><br>                Plaintiff,<br><br>     vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., DOE SMITH'S FOOD & DRUG CENTERS, INC. EMPLOYEE 1; DOES 2 through 10; ROE CORPORATIONS 1 through 10, inclusive,<br><br>                Defendants. | Case No. 2:23-cv-02031-JAD-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |

The current Initial Expert Disclosure deadline in this case is July 5, 2024[1].  The Parties have agreed to a thirty-day extension of discovery deadlines to facilitate the Parties' efforts to settle this case prior to incurring additional expenses.

The Parties have been working amicably together to complete discovery and depositions and will take full advantage of this additional extension to try to resolve this case; if these efforts are unsuccessful, then the Parties will promptly conduct the discovery needed to get this case ready for trial, all while working together so as to avoid further Court intervention.

This is the Second such request for an extension of discovery deadlines.

**IT IS HEREBY STIPULATED** by and between Plaintiff CARLOS ESCABEDO (hereinafter "Plaintiff") and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), by

---

[1] *See* ECF No. 20, at 3:28 (D. Nev. Mar. 1, 2024).

NG-C2N3CBX6 4860-0462-6121.1

and through their respective counsel of record as designated below, that all discovery deadlines be extended by thirty (30) days, as set forth below, to allow the Parties to complete necessary discovery prior to trial.

## I. STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED

To date, the Parties have completed the following discovery:

- The Parties participated in the Fed. R. Civ. P. 26(f) Conference.
- SMITH'S served its initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1), with exhibits thereto.
- Plaintiff served his initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1), with exhibits thereto, as well as three (3) separate supplements with exhibits.
- Both Parties have propounded written discovery requests upon each other pursuant to Fed. R. Civ. P. 33, 34, and 36.
- Both Parties have responded to propounded written discovery requests.
- The Parties have discussed availability for the deposition of SMITH'S employee witnesses.
- SMITH'S has deposed Plaintiff.

## II. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED

The Parties anticipate completing the following discovery:

- SMITH'S will continue to collect and review Plaintiff's medical records.
- The Parties will supplement their initial disclosures as new information becomes available.
- Plaintiff will take the depositions of employee witnesses for the subject SMITH'S store.
- Plaintiff will take the Fed. R. Civ. P. 30(b)(6) deposition of SMITH'S.
- Both Parties will continue to deliver records to retained experts, potentially retain additional experts, and designate expert witnesses.
- SMITH'S will take the depositions of Plaintiff's medical providers.
- The Parties will conduct depositions of expert witnesses as necessary.
- The Parties will further assess discovery to date to determine additional, follow-up discovery to complete once the above has been completed.

//

//

NG-C2N3CBX6 4860-0462-6121.1

### III. REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE CURRENT DISCOVERY SCHEDULING ORDER

Plaintiff and SMITH'S were engaged in motion practice in the beginning of this litigation; following the hearing on said motion practice, the Parties extended discovery and began thoroughly investigating this matter. Such investigation consisted of, to date, the deposition of Plaintiff; each side propounding and responding to written discovery requests; discussion between counsel of issues before the Court in light of Plaintiff's recently filed Motion to Remand; and identifying and securing SMITH'S employees for deposition.

After the deposition of Plaintiff, in the last few days, the Parties began sincerely discussing settlement figures. Specifically, Plaintiff's counsel have worked to obtain letters from healthcare providers and carriers to determine any final payments for medical care on behalf of Plaintiff. While the Parties await final settlement figures to allow them to better assess resolution, they acknowledge that they should not incur additional costs associated with expert retention if it can be avoided. This is especially true since the Parties are sincerely putting forth efforts to settle this case in good faith.

For the reasons stated above, the Parties respectfully request that this Court grant them additional time to meaningfully and substantively complete necessary discovery while also allowing the Parties time to try to settle this case before additional, costly retention of experts.

### IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued thirty (30) days from their present deadlines, as set forth below.

**1.** **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended thirty (30) days from the present deadline of September 3, 2024, to **October 3, 2024**.

**2.** **Amending the Pleadings and Adding Parties**: The Parties acknowledge that the deadline to amend pleadings and add parties has passed. As such, the Parties do not seek an extension of this deadline.

**3.** **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties jointly propose that the initial expert disclosure deadline be extended thirty-one (31) days from its present deadline of July 5, 2024, to **August 5, 2024**; and that the rebuttal expert disclosure deadline be extended thirty (30) days

NG-C2N3CBX6 4860-0462-6121.1

from its present deadline of August 5, 2024, to **September 4, 2024**.

  **4.**   **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date as set forth in the Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended twenty-nine (29) days from its present deadline of October 3, 2024, to **November 1, 2024**.

  **5.**   **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for November 4, 2024, be extended thirty (30) days to **December 4, 2024**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the pre-trial order be suspended until thirty (30) days after decision on the dispositive motions or until further Order of this Court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this paragraph.

  **6.**   **Fed. R. Civ. P. 26(a)(3) Disclosures**: The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

  **7.**   **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation.  The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

  **8.**   **Alternative Forms of Case Disposition**: The Parties certify that they have discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73. At present, the Parties do not consent to either alternative form of case disposition.

  **9.**   **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system.  At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the pre-trial order.

//

NG-C2N3CBX6 4860-0462-6121.1

**10.** **<u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>**: Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with Local R. 26-3.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED this 17th day of June, 2024. | DATED this 17th day of June, 2024. |
| **BRENSKE ANDREEVSKI & KRAMETBAUER** | **COOPER LEVENSON, P.A.** |
| */s/ Scott M. Brenske* | */s/ Pooja Kumar* |
| RYAN D. KRAMETBAUER, ESQ.<br>Nevada Bar No. 012800<br>SCOTT M. BRENSKE, ESQ.<br>Nevada Bar No. 15874<br>5740 South Eastern Avenue, Suite 100<br>Las Vegas, Nevada 89119<br>(702) 385-3300<br>*Attorneys for Plaintiff*<br>*Carlos Escabedo* | JERRY BUSBY, ESQ.<br>Nevada Bar No. 001107<br>POOJA KUMAR, ESQ.<br>Nevada Bar No. 012988<br>3016 West Charleston Boulevard, Suite 195<br>Las Vegas, Nevada 89102<br>(702) 366-1125<br>*Attorneys for Defendant*<br>*Smith's Food & Drug Centers, Inc.* |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 17, 2024

4860-0462-6121, v. 1

5